IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>RAYMOND ALCORTA (03),<br>ADRIENNE LOPEZ (06), and<br>ANGELA MARIE LOPEZ (07),<br><br>　　　　Defendants. | Case No. 13-40065-DDC |

### MEMORANDUM AND ORDER

On October 23, 2014, a jury convicted defendants Raymond Alcorta, Adrienne Lopez, and Angela Marie Lopez of conspiring to distribute more than 500 grams of methamphetamine. The jury also convicted Adrienne Lopez and Angela Marie Lopez of knowingly and intentionally possessing more than 500 grams of methamphetamine with intent to distribute it. On November 5, 2014, each defendant filed a Motion for New Trial under Fed. R. Crim. P. 33 (Docs. 219, 220, and 221). For the following reasons, the Court denies each defendant's motion.

### I. Legal Standard

A court may grant a motion for new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. While Rule 33 does not say so explicitly, courts have long recognized that a defendant may seek a new trial on the ground that the verdict is against the weight of the evidence. 3 Charles Alan Wright et al., *Federal Practice and Procedure* § 582 (4th ed.); *see United States v. Galvan-Estrada*, 494 F. App'x 898, 901 (10th Cir. 2012). A district court should grant a Rule 33 motion "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Cesareo-Ayala*, 576 F.3d 1120, 1126 (10th Cir.

1

2009). When a defendant alleges errors during the trial, courts must "balance the alleged errors against the record as a whole and evaluate the fairness of the trial." *United States v. McBride*, 862 F.2d 1316, 1319 (8th Cir. 1988).

**II. Raymond Alcorta**

The jury convicted Mr. Alcorta of conspiring to distribute more than 500 grams of methamphetamine. Mr. Alcorta argues that the Court should order a new trial for three reasons: (1) the jury's verdict was based on insufficient evidence; (2) two statements by a government witness were improper; and (3) a portion of the recorded phone calls the government played at trial did not match the transcript provided as a demonstrative device for the jury's benefit.

**A. Insufficient Evidence**

First, Mr. Alcorta claims the government did not present enough evidence to sustain a conspiracy conviction. To prove a conspiracy, the government was required to show: (1) an agreement to violate the law; (2) Mr. Alcorta's knowledge of the conspiracy's objective; (3) Mr. Alcorta's knowing and voluntary participation in it; and (4) interdependence among the conspirators. *United States v. Keck*, 643 F.3d 789, 794 (10th Cir. 2011). Mr. Alcorta specifically argues that the evidence is insufficient to support the third element, knowing and voluntary participation in the conspiracy.

In its Order denying defendants' Motion for Judgment of Acquittal (Doc. 218), the Court considered and rejected this same argument. A court admittedly has greater latitude to grant a Rule 33 Motion for New Trial than a Rule 29 Motion for Judgment of Acquittal. *See United States v. Daniels*, 188 F. Supp. 2d 1309, 1311 (D. Kan. 2002). However, Mr. Alcorta presents no argument that convinces the Court that the evidence against him "preponderates heavily against the verdict." *Cesareo-Ayala*, 576 F.3d at 1126. To the contrary, the government

2

presented ample evidence for a jury to conclude that Mr. Alcorta knowingly and voluntarily participated in a conspiracy to distribute methamphetamine.

An unclaimed cell phone recovered from the Jeep driven by Javier Vega on the day he was arrested transporting nearly four pounds of methamphetamine showed text messages between the phone and a phone number corresponding to Mr. Alcorta. One of the text messages from the number corresponding to Mr. Alcorta said, "I need to know if you're going." Although this text message was sent four days before Mr. Vega's arrest, a rational jury could conclude from it that Mr. Alcorta was soliciting Mr. Vega to act as a drug courier and was therefore a knowing and voluntary participant in the conspiracy.

After Adrienne Lopez and Angela Marie Lopez were arrested transporting methamphetamine, Mr. Vega and Mr. Alcorta discussed the arrest on a recorded jail line. Mr. Vega told Mr. Alcorta about precautions he had taken before his April arrest for transporting drugs, telling Mr. Alcorta that he "factory reset" his phone. Mr. Alcorta assured Mr. Vega that he understood the importance of Mr. Vega's statement. A rational jury could conclude that Mr. Alcorta was endorsing Mr. Vega's decision to destroy potentially incriminating evidence. This again suggests that Mr. Alcorta was a knowing and voluntary participant in the conspiracy.

The government also played recorded phone calls between Mr. Vega and Adrienne Lopez. Mr. Vega told Adrienne that the authorities had confiscated his sister's car after his drug arrest. When Adrienne reminded him that his sister had lent him the car, he asked, rhetorically, "[Did] she lend [the Jeep] to me or [did] she lend it to Ray [Alcorta]?" During another call, Mr. Vega warned Adrienne to be careful on her upcoming drug trip by telling her about a careless woman that "Ray" had told Mr. Vega to take on an earlier drug trip. A rational jury could conclude from this exchange that Mr. Alcorta had orchestrated more than one drug trip for Mr.

Vega, including the one when Mr. Vega was arrested. Mr. Alcorta argues "these statements were never subject to independent verification and the government presented no proof that the events alleged during these off-handed remarks by Vega ever actually occurred." Doc. 219 at 5. However, they are admissible evidence from which a jury could infer Mr. Alcorta was a knowing and voluntary participant in the conspiracy.

Taken together, Mr. Alcorta has not demonstrated that the evidence in the case "preponderates heavily against the verdict." *Cesareo-Ayala*, 576 F.3d at 1126. The Court rejects his request for a new trial based on insufficient evidence.

### B. Alleged Prejudicial Error

Mr. Alcorta next argues that two statements by Special Agent Steve Proffitt were so prejudicial that a new trial is required. First, Special Agent Proffitt testified that the arrest of Adrienne Lopez and Angela Marie Lopez made Mr. Alcorta nervous because "now there were two more persons who could testify against him." Doc. 219 at 6. Mr. Alcorta argues that this testimony, coupled with Adrienne's and Angela's decision not to testify at trial, created an improper inference that the government was withholding inculpatory evidence about Mr. Alcorta. Even if the Court assumes that Special Agent Proffitt's testimony was improper, the statement does not render the trial unfair when balanced against the significant evidence against Mr. Alcorta that the Court discussed in the previous section.

The same is true of the second statement Mr. Alcorta argues was improper. Special Agent Proffitt also testified that he listened to far more jail calls than were presented at trial. Mr Alcorta asserts that this statement was a "vague reference to inculpatory evidence that was never presented during trial." Doc. 219 at 7. The Court fails to see how this testimony—made in response to a defense objection—improperly suggested to the jury that the government had other

inculpatory evidence that it did not present. Regardless, this testimony, when compared to the abundant evidence against Mr. Alcorta, does not require a new trial.

### C. Transcript of Recorded Jail Calls

During trial, the government played many recorded telephone calls between and among defendants and Mr. Vega. The government showed a scrolling written transcript of the calls as a demonstrative exhibit to help the jury understand the calls as they played. During a brief period in the trial, the transcript did not correspond with the audio. Mr. Alcorta argues this divergence created error warranting a new trial. However, while the recording and transcript diverged briefly, Mr. Alcorta has not demonstrated how the error prejudiced him or otherwise requires a new trial. The Court therefore denies his request for new trial based on the error in the transcript.

\* \* \*

Mr. Alcorta has failed to present any evidence or argument to suggest the "interest of justice" requires a new trial. Fed. R. Civ. P. 33. As a result, the Court denies Mr. Alcorta's Motion for a New Trial.

### III. Angela Marie Lopez

The jury convicted defendant Angela Marie Lopez of conspiracy to distribute more than 500 grams of methamphetamine and possession with intent to distribute more than 500 grams of methamphetamine. Angela argues that the evidence was insufficient to support her conviction because the government failed to prove that: (1) Angela knew Mr. Alcorta was a coconspirator; (2) Angela had dominion or control over the methamphetamine discovered when she was arrested; and (3) Angela had the required mental state to sustain a guilty verdict.

First, to prove a conspiracy, the government "need not show that the coconspirators know the identities or details of each scheme or have connections with all other members of the

conspiracy." *United States v. Edwards*, 69 F.3d 419, 431 (10th Cir. 1995). Thus, even if Angela did not know that Mr. Alcorta, specifically, was involved in the conspiracy, this does not preclude a jury from convicting her of conspiring with him.

Angela's second and third arguments essentially claim that the government failed to prove that she intended to commit the crimes for which she was convicted. As the Court discussed in its Order denying defendants' Motion for Judgment of Acquittal, a rational jury could conclude that recorded jail calls showed Angela intentionally and knowingly transported methamphetamine intended for distribution to others:

> After her arrest, Angela called her mother from jail and said, "I never did this the first time I got busted . . . but yeah mom the last two days I told God, that's it, *I'm not gonna run no more . . .*" Angela Lopez also said that if the police released her co-defendant, Adrienne Lopez, they would have to release Angela as well because Adrienne Lopez had "more bad things"—a reference to the fact that Adrienne had marijuana in her purse when she was arrested. The fact that Adrienne had *more* "bad things," indicates that Angela knew she had at least some "bad things" in her possession; otherwise she would not have used the word "more." Finally, Angela expressed surprise at the *amount* of methamphetamine found in the car, but she never expressed surprise that there *was* methamphetamine in the car.

Doc. 218 at 5. Furthermore, the government presented evidence that Angela and Adrienne Lopez made another drug courier run 10 days before their arrest.

The government thus presented ample evidence suggesting that Angela knowingly and intentionally transported methamphetamine. Because Angela has failed to demonstrate that the "evidence preponderates heavily against" her convictions, the Court denies her Motion for New Trial. *Cesareo-Ayala*, 576 F.3d at 1126.

### IV. Adrienne Lopez

The jury convicted defendant Adrienne Lopez of conspiracy to distribute more than 500 grams of methamphetamine and possession with intent to distribute more than 500 grams of

methamphetamine.  Adrienne argues that the Court should grant her a new trial for three reasons: (1) the Court erred in denying her motion to suppress the search of her vehicle which uncovered nearly four pounds of methamphetamine; (2) the Court improperly admitted into evidence coconspirator statements made by Adrienne when she was no longer acting in furtherance of the conspiracy; and (3) government witnesses testified improperly about Adrienne's constitutional right to remain silent.

Adrienne's first two argument essentially ask the Court to reconsider its earlier rulings on Adrienne's Motion to Suppress (Doc. 99) and the admissibility of coconspirator statements. However, Adrienne has failed to argue any grounds warranting reconsideration, such as change of controlling law or clear error.  *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011).  Because Adrienne made no argument supporting the idea that the Court should revisit those rulings, other than saying they were wrong, the Court declines to reopen the issues now.

Adrienne's final argument is that government witnesses improperly testified about her Fifth Amendment right to remain silent.  She incorporates ¶¶ 14-18 of Mr. Alcorta's Motion for New Trial (Doc. 219) which discuss Special Agent Proffitt's testimony that Mr. Alcorta was nervous after Adrienne and Angela Marie Lopez were arrested because "now there were two more persons who could testify against him."  Doc. 219.  In addition, Adrienne argues that it "was improper for Trooper Krause to comment on Adrienne Lopez's right to remain silent during questioning about whether Adrienne had invoked her right to remain silent or agreed to speak with law enforcement."  Doc. 221 at 2.  The Court concludes that this testimony does not render the trial unfair when balanced against the record as a whole.  *McBride*, 862 F.3d at 1319.

The evidence presented against Adrienne was substantial.  Police discovered nearly four pounds of methamphetamine in her car.  The government played multiple phone calls in which

7

Mr. Vega warned Adrienne to watch out for the "signs," which a rational jury could conclude were warnings about ruse drug checkpoints. A rational jury could conclude that Adrienne's silence in response to these warnings manifested her understanding that she was transporting illegal drugs. Furthermore, the government presented recorded phone calls and photos taken from recovered cell phones that Adrienne and Angela Marie Lopez made a drug courier run 10 days before they were arrested. The evidence against Adrienne greatly outweighs any prejudice she may have suffered from two stray remarks about her right to remain silent. The Court denies Adrienne Lopez' Motion for New Trial.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Raymond Alcorta's Motion for New Trial (Doc. 219) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Angela Marie Lopez' Motion for New Trial (Doc. 220) is denied.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant Adrienne Lopez' Motion for New Trial (Doc. 221) is denied.

**IT IS SO ORDERED.**

**Dated this 6th day of January, 2015, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**