**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**

**RAYMOND ALCORTA (03),**

     **Defendant.**

**Case No. 13-40065-03-DDC**

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the court on the government's "Motion for Clarification as to Grounds for Issuance of Certificate of Appealability" (Doc. 414).  The court grants the motion and clarifies the portion of its prior Order granting a certificate of appealability (Doc. 412) by specifying the issues on which the court grants a certificate of appealability.

**I.     Procedural Background**

On November 13, 2013, the government charged Mr. Alcorta with conspiracy to distribute more than 500 grams of methamphetamine, violating 21 U.S.C. §§ 846, 841(a)(1), 840(b)(1)(A), and 18 U.S.C. § 2.  Doc. 42 at 1–2.  After a seven-day trial, a jury convicted Mr. Alcorta of the conspiracy charge.  Doc. 212 at 1–2.  This court sentenced him to 240 months' imprisonment and five years of supervised release, which was within the advisory Guidelines range.  Doc. 269.  Mr. Alcorta appealed his conviction to the Tenth Circuit, challenging the sufficiency of the evidence and admission of his coconspirators' recorded jailhouse conversations.  Docs. 276 & 279; *United States v. Alcorta*, 853 F.3d 1123 (10th Cir. 2017).  The Tenth Circuit affirmed Mr. Alcorta's conviction.  Doc. 344.  Mr. Alcorta filed for a writ of

certiorari, which the United States Supreme Court denied on March 19, 2018.  Doc. 386.

Then, in March 2019, Mr. Alcorta filed a motion under 28 U.S.C. § 2255 asking the court to vacate his sentence because of ineffective assistance of trial and appellate counsel.  Doc. 390. The court denied Mr. Alcorta's motion.  *See* Doc. 412 at 21.  But, the motion raised substantial arguments that prompted the court to conclude that "a reasonable jurist could find the court's assessment of Mr. Alcorta's claims debatable or wrong."  *Id.*  The court thus granted a certificate of appealability ("COA").  *Id.*  The government now moves the court for clarification of the grounds for issuing that COA.  Doc. 414.  Mr. Alcorta responded.  Doc. 419.  The court now considers the government's motion.

## II.      Construction of the Government's Motion (Doc. 414)

On August 12, 2020, the court entered its Order denying Mr. Alcorta's Motion to Vacate (Doc. 390) and granting the COA.  Doc. 412.  Later that day, the government filed its "Motion for Clarification as to Grounds for Issuance of Certificate of Appealability" arguing that the court's Order (Doc. 412 at 21) "does not indicate which specific issues or claims satisfy the showing required in § 2253(c)(2), as is mandated by § 2253(c)(3)."  Doc. 414 at 4.  In response, Mr. Alcorta "believes that the Court's order was sufficiently specific in granting a Certificate of Appealability to [Mr.] Alcorta on each of the issues raised in his § 2255 motion."  Doc. 419 at 1 (citing Doc. 412).  He argues that, "[t]o the extent the Government wishes to ask the Court to reconsider granting [Mr.] Alcorta a COA on each of his claims, the Government must follow the ordinary process outlined by the Federal Rules of Civil Procedure for submitting a motion to reconsider" because "[r]econsideration of the Court's prior order under threat of COA challenges is not appropriate absent a proper motion from the party wishing to contest the ruling."  *Id.*

Even though the government's post-judgment motion does not invoke Rule 59(e), the court construes it as a Motion to Alter or Amend a Judgment under Rule 59(e) because the motion seeks to correct clear error and the government filed it before Rule 59(e)'s filing deadline.[1] The court proceeds to the merits of the government's argument, below.

## III.   Analysis Under Federal Rule of Civil Procedure 59(e)

### A.  Legal Standard Governing Rule 59(e)

Federal Rule of Civil Procedure 59(e)[2] authorizes a motion to alter or amend a judgment if the motion is "filed no later than 28 days after the entry of the judgment."  "Rule 59(e) derives from a common-law court's plenary power to revise its judgment during a single term of court, before anyone could appeal."  *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020).  "The Rule gives a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  *Id.* at 1703 (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).  Grounds warranting a motion under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court

---

[1]     *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion to reconsider [timely] filed . . . after entry of judgment is considered a Fed. R. Civ. P. 59(e) motion." (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991))); *see also Zhu v. Fed. Hous. Fin. Bd.*, No. 04-2539-KHV, 2007 WL 2071759, at *3 (D. Kan. July 19, 2007) (construing plaintiff's "motion to vacate" as a motion under Rule 59(e) where motion was timely under Rule 59(e) and asserted that the court erred in earlier order).

[2]     It is appropriate to apply this Federal Rule of Civil Procedure in this habeas proceeding.  *See Banister v. Davis*, 140 S. Ct. 1698, 1707 (2020) (noting recently that Congress has not indicated an intent "to change the historical practice . . . of applying Rule 59(e) in habeas proceedings."); *see also* Rule 12 of the Rules Governing Section 2255 Motions ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); Fed. R. Civ. P. 81(a)(4) (explaining that the Federal Rules of Civil Procedure apply to habeas proceedings to the extent that the practice in those proceedings is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases).

has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).

### B.  Discussion

The court's prior Order (Doc. 412) misapprehended the law controlling the grant of a COA.  Title 28 U.S.C. § 2253 imposes procedural requirements on appeals from final orders in a proceeding under 28 U.S.C. § 2255.  An aggrieved party may appeal only if a circuit justice or judge issues a COA.  28 U.S.C. § 2253(c)(1).  "The grant of a COA is necessary to appeal and it is jurisdictional." *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015) (first citing 28 U.S.C. § 2253(c)(1); then citing *Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012)).  Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

Section 2253 "conditions the grant of a COA on 'a substantial showing of the denial of a constitutional right' and specifying the issues, but these requirements are not jurisdictional." *Mulay*, 805 F.3d at 1265 (first quoting 28 U.S.C. § 2253(c)(2) & (3); then citing *Gonzales*, 565 U.S. at 143).  Still, courts "remain conscious of the requirements of § 2253(c)(2) & (3), even if they are not jurisdictional." *Id.* (citations omitted); *see also* Rule 11(a) of the Rules Governing Section 2255 Cases ("If the court issues a certificate [of appealability], the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).").  A petitioner seeking a COA satisfies his burden under § 2253(c)(2) by making a substantial showing of the denial of a constitutional right if the petitioner demonstrates that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard*, 542 U.S. at 282 (citations and internal quotation marks omitted).

Here, the court's Order (Doc. 412) granting the COA misapprehended § 2253(c)(3) because it failed to specify which issues or claims satisfy the showing required by § 2253(c)(2). *See* Doc. 412 at 21.  The court thus grants the government's motion (Doc. 414) and now provides analysis as § 2253(c) prescribes.

## IV.    Certificate of Appealability Analysis Under 28 U.S.C. § 2253(c)

As the court discussed in its earlier Order (Doc. 412), Mr. Alcorta asserted that both his trial counsel (Paul Cramm) and appellate counsel (Jonathan Laurans) provided ineffective assistance of counsel that violated his constitutional rights to counsel and due process.  *See* Doc. 390.  Mr. Alcorta divided his ineffective assistance claim into six parts.  *See id.*; *see also* Doc. 412 at 5–6.  For the reasons explained below, the court grants Mr. Alcorta a COA on the first five of his issues, but not the sixth.

First, Mr. Alcorta argued that trial counsel deprived him of his Sixth Amendment right to counsel of choice by withholding material information when counsel undertook representation. Doc. 390 at 4.  The court rejected this argument.  *See* Doc. 412 at 9–11.  But the court concludes a reasonable jurist could find the court's assessment of this first constitutional claim debatable or wrong.  *See Tennard v. Dretke*, 542 U.S. 274, 282 (2004).  The court thus grants a COA on this first issue.

Second, Mr. Alcorta argued that trial counsel deprived him of his ability to exercise his right to counsel of choice by withholding material information until mid-trial.  Doc. 390 at 5. The court rejected this argument of ineffective assistance.  Doc. 412 at 10–11.  But the court concludes a reasonable jurist could find the court's assessment of Mr. Alcorta's second constitutional claim debatable or wrong.  The court thus grants a COA on this second issue.

Third, Mr. Alcorta argued that trial counsel deprived him of due process of law by unreasonably interfering with defendant's exercise of his right to counsel of choice.  Doc. 390 at 7.  The court rejected this argument.  Doc. 412 at 11.  But the court concludes a reasonable jurist could find the court's assessment of Mr. Alcorta's third constitutional claim debatable or wrong.  The court thus grants a COA on this third issue.

Fourth, Mr. Alcorta argued that trial counsel was ineffective for failing to object to a jury instruction which did not require a finding of drug quantity increasing the minimum penalty range beyond a reasonable doubt.  Doc. 390 at 8.  The court rejected this theory of ineffective assistance.  Doc. 412 at 15.  But the court concludes a reasonable jurist could find the court's assessment of Mr. Alcorta's fourth constitutional claim debatable or wrong.  The court thus grants a COA on this fourth issue.

Fifth, Mr. Alcorta argued that appellate counsel was ineffective because he failed to appeal an erroneous jury instruction.  Doc. 390 at 13.  The government conceded that appellate counsel "performed ineffectively in failing to raise this issue because it was a nonfrivolous issue and appellate counsel failed to file a merits brief raising it."  Doc. 400 at 32.  But the court concluded that Mr. Alcorta's substantial rights at trial remained unaffected, so the court denied Mr. Alcorta's ineffective assistance of appellate counsel claim.  Doc. 412 at 19.  Yet the court concludes that a reasonable jurist could find the court's assessment of Mr. Alcorta's fifth constitutional claim debatable or wrong.  The court thus grants a COA on this fifth issue.

Last, Mr. Alcorta argued that trial counsel was ineffective for failing to object to the prosecutor's requests for the court to impose a longer prison sentence based on Mr. Alcorta's failure to cooperate.  Doc. 390 at 14.  The court rejected this theory of ineffective assistance of counsel because the argument failed to establish deficient performance by counsel or other

prejudice.  Doc. 412 at 20–21.  Here, the court concludes that no reasonable jurist could find the

court's assessment of Mr. Alcorta's sixth constitutional claim debatable or wrong.  *See Tennard*,

542 U.S. at 282.  The court thus declines to grant Mr. Alcorta a COA on this sixth issue.

**V.     Conclusion**

The court's prior Order (Doc. 412) lacked issue-by-issue COA analysis of Mr. Alcorta's

ineffective assistance of counsel claims as required by 28 U.S.C. § 2253(c).  The court thus

grants the government's motion (Doc. 414) construed as one to alter or amend a judgment under

Rule 59(e).

Analysis under § 2253(c) leads the court to conclude that though Mr. Alcorta's

constitutional claims failed to persuade the court, a reasonable jurist could find debatable or

wrong the court's assessment of the first five of his claims.  The court thus grants Mr. Alcorta a

COA on these five issues only (as specified in this Order), but does not grant a COA on the sixth

claim made by Mr. Alcorta.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the "Motion for

Clarification as to Grounds for Issuance of Certificate of Appealability" (Doc. 414) is granted.

**IT IS FURTHER ORDERED THAT** a certificate of appealability shall issue consistent

with this Memorandum and Order.

**IT IS SO ORDERED.**

**Dated this 9th day of September, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**