#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**RAYMOND ALCORTA (03),**

    **Defendant.**

**Case No. 13-40065-03-DDC**

#### MEMORANDUM AND ORDER

This matter comes before the court on prisoner Raymond Alcorta's Motion for Appointment of Counsel (Doc. 428) in his Appeal to the Tenth Circuit of this court's Order denying Mr. Alcorta's § 2255 Petition (Doc. 412). For the following reasons, the court denies Mr. Alcorta's motion.

Mr. Alcorta's retained attorneys, Zachary L. Newland and Jim R. Pratt, filed an Unopposed Motion to Withdraw as Counsel with this court on October 16, 2020. Doc. 425. The court granted their unopposed motion. Doc. 426. In their motion, Mr. Newland and Mr. Pratt explained that, Mr. Alcorta "filed a *pro se* notice of appeal to the U.S. Court of Appeals for the Tenth Circuit" on September 25, 2020, and counsel "do not represent [Mr.] Alcorta" in that appeal. *Id.* (citing Doc. 424). Mr. Alcorta's Appeal in the Tenth Circuit was docketed on September 28, 2020. Doc. 424. Mr. Alcorta's pro se Motion for Appointment of Counsel contends he can no longer afford to retain counsel due to imprisonment and lack of employment. Doc. 428. So, he asks the court to appoint counsel for him to litigate his appeal. *Id.*

"[I]t appears that the Tenth Circuit prefers to handle issues relating to counsel for purposes of appeal, including those relating to withdrawal and appointment of counsel." *United*

*States v. Uscanga-Mora*, No. 1:06-cr-00118-DS-PMW-4, 2008 WL 110478, at *3 (D. Utah Jan. 8, 2008) (citing 10th Cir. R. 46.4(A); then citing 10th Cir. R. Add. I).  The Tenth Circuit Local Rules provide "[a]n attorney who files a notice of appeal in a criminal case or a postconviction proceeding under 28 U.S.C. § 2254 or § 2255, or who has not obtained an order from the district court granting permission to withdraw from further representation *prior to the filing of a pro se notice of appeal*, has entered an appearance in this court and may not withdraw without the court's permission."  10th Cir. R. 46.3(A) (emphasis added).  "Before filing a proper motion to withdraw under 10th Cir. R. 46.4 counsel must file, at a minimum, an entry of appearance and docketing statement."  *Id.*

On the other hand, "[a] person previously represented by private counsel in the district court who becomes financially unable to employ counsel on appeal" but seeks court-appointed counsel on appeal, "must first obtain an order in the district court finding that he or she qualifies for court-appointed counsel."  10th Cir. R. Add. I § V.  "Trial counsel is responsible for filing the application for court-appointed counsel in the district court, and must comply with all other provisions of 10th Cir. R. 46.3 and 46.4."  *Id.*

Here, Mr. Alcorta filed a Notice of Appeal (Doc. 422) before his attorneys filed their Motion to Withdraw (Doc. 425) with this court.  So, Mr. Newland and Mr. Pratt presently represent Mr. Alcorta in the Tenth Circuit appeal unless they file a proper motion to withdraw and the Tenth Circuit decides to grant such a motion.  *See* 10th Cir. R. 46.3(A).  Thus, this court cannot appoint counsel for purposes of Mr. Alcorta's appeal to the Tenth Circuit because Mr. Alcorta presently is represented by counsel in his Tenth Circuit appeal.  *See* 10th Cir. R. 46.3.  This court may make a finding that Mr. Alcorta qualifies for court-appointed counsel under

2

Addendum I § V under the Tenth Circuit Local Rules, but Mr. Alcorta has not filed the required documents to determine his financial eligibility.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Alcorta's Motion to Appoint Counsel (Doc. 428) is denied by this court without prejudice to him renewing that motion with the Court of Appeals under 10th Cir. R. 46.4(A) and 10th Cir. R. Add. I.

**IT IS SO ORDERED.**

**Dated this 6th day of November, 2020, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**