# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**RAYMOND ALCORTA (03),**

    **Defendant.**

**Case No. 13-40065-03-DDC**

## MEMORANDUM AND ORDER

This matter comes before the court on prisoner Raymond Alcorta's pro se Motion for Waiver of Fees (Doc. 429).[1] Mr. Alcorta requests the court waive the filing fee for his Appeal to the Tenth Circuit. He has appealed this court's Order (Doc. 412) denying Mr. Alcorta's § 2255 Motion to Vacate (Doc. 390). For the following reasons, the court denies Mr. Alcorta's motion without prejudice to refiling.

The court denied Mr. Alcorta's 28 U.S.C. § 2255 motion on August 12, 2020. Doc. 412. The court issued a certificate of appealability on the first five of the six issues raised in the motion. Doc. 421. And, Mr. Alcorta filed a Notice of Appeal on September 25, 2020. Doc. 422. On October 21, 2020, Mr. Alcorta filed his present request asking the court to waive the fees for his appeal to the Tenth Circuit. Mr. Alcorta asserts that he does not have the "financial means to pay fees" because he is incarcerated and lacks a source of income. Doc. 429 at 1. But,

---

[1] Until recently, two attorneys represented Mr. Alcorta. But counsel moved to withdraw, and the court granted counsel's motion. Docs. 425, 426. So, Mr. Alcorta represents himself. Because Mr. Alcorta proceeds pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Alcorta's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

Mr. Alcorta's Motion for Waiver of Fees does not include the required information for the court to determine his eligibility to proceed without prepayment of fees.

The court may allow a party to proceed without prepayment of fees, or in forma pauperis, if it determines the moving party cannot pay the required filing fee. *See* 28 U.S.C. § 1915(a). If a party seeks to proceed in forma pauperis on an appeal to the court of appeals, Fed. R. App. P. 24 requires the party to "file a motion in the district court." The moving party must attach an affidavit that:

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1); *see also Adkins v. Schnurr*, No. 18-3153-KVH, 2020 WL 569827, at *1 (D. Kan. Feb. 5, 2020) (applying Fed. R. App. P. 24(a)(1)'s requirements to a prisoner's motion to proceed without prepayment of fees for his appeal of the court's denial of his § 2254 motion). Form 4 requires detailed financial information and can be found in the Appendix of the Federal Rules of Appellate Procedure or at the United States Court website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/appellate-rules-forms. Likewise, 28 U.S.C. § 1915(a)(1) requires a prisoner seeking to proceed without prepayment of fees to file a detailed financial affidavit "that includes a statement of all assets the prisoner possesses" as well as "the nature of the . . . appeal and affiant's belief that [he] is entitled to redress." And, 28 U.S.C. § 1915(a)(1) requires a prisoner seeking to appeal without prepayment of fees to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal[.]"

Here, Mr. Alcorta's motion doesn't satisfy the requirements of Fed. R. App. P. 24(a)(1) or 28 U.S.C. § 1915(a).  Although Mr. Alcorta states he is unable to pay the filing fee, he does not provide an affidavit in the detail Form 4 requires, he did not attach a copy of his inmate trust account, and he does not recite the issues he intends to raise on appeal.  *See* Doc. 429.  Thus, the court denies without prejudice Mr. Alcorta's Motion for Waiver of Fees (Doc. 429).  Mr. Alcorta may refile his application with the completed financial affidavit and required information.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Alcorta's Motion for Waiver of Fees (Doc. 429) is denied without prejudice to refiling within the next 30 days in compliance with Fed. R. App. P. 24(a)(1) and 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of Form 4 of the Appendix of Forms to Mr. Alcorta with a copy of this Order.

**IT IS SO ORDERED**

**Dated this 6th day of November, 2020, at Kansas City, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**