**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No. 13-40065-03-DDC |
| **RAYMOND ALCORTA (03),** | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the court on prisoner Raymond Alcorta's pro se[1] Motion for Leave to Appeal In Forma Pauperis (Doc. 441) and Motion for Determination of Eligibility for Appointed Counsel on Appeal (Doc. 440). For the following reasons, the court grants both motions.

**I.      Background**

Mr. Alcorta retained counsel for his 28 U.S.C. § 2255 motion. *See* Doc. 390 at 12 (signed by counsel); Doc. 440 at 1. The court denied Mr. Alcorta's § 2255 motion and issued certificates of appealibity on the first five of his motion's six issues. Docs. 412, 421. Mr. Alcorta filed a Notice of Appeal intending to present those five issues in his appeal. Doc. 422. These issues include: (1) trial counsel depriving Mr. Alcorta of his Sixth Amendment right to counsel of choice by withholding material information undertaking his representation; (2) trial

---

[1] Because Mr. Alcorta filed the current motion pro se, the court construes his filings liberally and holds them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for the pro se party. *Id.* Likewise, Mr. Alcorta's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *See Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

counsel depriving Mr. Alcorta of his Sixth Amendment right to counsel of choice by withholding material information until mid-trial; (3) trial counsel depriving Mr. Alcorta of his Sixth Amendment right to counsel by interfering unreasonably with Mr. Alcorta's exercise of his right to counsel of choice; (4) ineffective assistance of counsel based on trial counsel's failure to object to a jury instruction which did not require a finding of drug quantity increasing the minimum penalty; and (5) ineffective assistance of counsel for failing to appeal an erroneous jury instruction.  Doc. 441-1 at 2; *see also* Doc. 421 at 5–6.

## II.     Motion for Leave to Appeal In Forma Pauperis

Mr. Alcorta seeks to proceed in forma pauperis in his appeal to the Tenth Circuit.  Doc. 441.  An appellant seeking leave to file in forma pauperis in the Tenth Circuit must file a motion in the district court and attach an affidavit that:  (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;" (2) "claims an entitlement to redress;" and (3) "states the issues the party intends to present on appeal."  Fed. R. App. P. 24(a)(1).  And a prisoner seeking leave to appeal in forma pauperis must include "a certified copy of [his] trust fund account statement[.]"  28 U.S.C. § 1915(a)(2).

Mr. Alcorta has attached all requisite financial information to his Motion for Leave to Appeal In Forma Pauperis.  *See* Docs. 441-1–441-3.  Mr. Alcorta's financial information shows he cannot pay the appellate filing fee.  *See id.*  The court thus grants Mr. Alcorta's Motion for Leave to Appeal In Forma Pauperis (Doc. 441).

## III.    Motion for Determination of Eligibility for Appointed Counsel

Mr. Alcorta asks this court to determine his eligibility for appointed counsel for his appeal.  Doc. 440.  "A person previously represented by private counsel in the district court who becomes financially unable to employ counsel on appeal" but seeks court-appointed counsel,

"must first obtain an order in the district court finding that he or she qualifies for court-appointed counsel." 10th Cir. R. Add. I. § V. In determining whether Mr. Alcorta qualifies for court-appointed counsel, the court must determine whether Mr. Alcorta is "financially unable to pay counsel whom he had retained." 18 U.S.C. § 3006A(c). Mr. Alcorta's financial documents establish he cannot afford retained counsel for his appeal and thus qualifies financially for court-appointed counsel. *See* Docs. 441-1–441-3.[2] The court grants Mr. Alcorta's Motion for Determination of Eligibility for Appointed Counsel on Appeal (Doc. 440).

## IV. Conclusion

Mr. Alcorta's financial affidavit and trust fund account statement establish his inability to pay the appellate filing fee. Thus the court grants Mr. Alcorta's Motion for Leave to Appeal In Forma Pauperis (Doc. 441). And Mr. Alcorta has established his financial eligibility for appointed counsel on appeal. The court thus grants Mr. Alcorta's Motion for Determination of Eligibility for Appointed Counsel on Appeal (Doc. 440).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Alcorta's Motion For Leave to Appeal In Forma Pauperis (Doc. 441) is granted.

**IT IS FURTHER ORDERED THAT** Mr. Alcorta's Motion for Determination of Eligibility for Appointed Counsel on Appeal (Doc. 440) is granted.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Order by certified mail to Mr. Alcorta.

**IT IS SO ORDERED.**

---

[2] The Circuit controls the decision whether to appoint counsel. *See* 10th Cir. R. Add. I § II.1. The Circuit's Orders do not appear to ask this court to evaluate the worthiness of the issues Mr. Alcorta intends to raise on appeal.

**Dated this 25th day of January, 2021, at Kansas City, Kansas.**

<div style="text-align: right">

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

</div>